it has accepted the benefits thereof, it is estopped to claim that the person rendering them is not entitled to compensation, and is liable for the reasonable value of such services.

7. COUNTIES, § 2*—*when authorized to employ appraisers.* A county has power to employ appraisers to appraise its property.

8. COUNTIES, § 71*—*when appropriation valid.* A resolution of a board of county commissioners providing for the payment of the cost of the inventory and appraisal of a certain county institution out of the building fund of such institution is valid.

9. CONTRACTS, § 384*—*when evidence sufficient to support verdict.* In an action against a county to recover for services rendered in appraising property, evidence examined and *held* to support a verdict for plaintiff.

10, PAYMENT, § 24*—*when matter of defense.* Payment is a matter of defense, and in the absence of evidence it will be presumed that it has not been made.

## Richard J. Prest, Appellant, v. Carman Laundry Supply Company and H. Hinchliffe, Appellees.

### Gen. No. 22,040.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916.

### Statement of the Case.

Action by Richard J. Prest, plaintiff, against Carman Laundry Supply Company and H. Hinchliffe, defendants, to recover compensation for injuries received while he was a passenger on a car of the Chicago Railways Company. Plaintiff alleged that the defendants were in control of a certain wagon being driven along Des Plaines street at the crossing with Madison street, and that they so negligently managed the wagon that a collision occurred and plaintiff was injured. As

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

directed by the court, the jury returned a verdict finding the defendants not guilty, and upon this verdict judgment was entered. Plaintiff appeals.

The certificate of the trial judge appended to the bill of exceptions recited that the foregoing "is a synopsis of the evidence offered or received on the trial of the foregoing entitled cause * * * which were all of the proceedings, other than evidence as above described, had on the trial of the foregoing entitled cause."

GEORGE V. McINTYRE, for appellant.

HOWARD AMES, HARRY W. MENELEY and SYLVESTER G. ABBOTT, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

APPEAL AND ERROR, § 1303*—*when assignments of error not considered where bill of exceptions insufficient.* On appeal, where the document purporting to be a bill of exceptions not only does not pretend to contain all of the evidence, but states by implication that it does not, the Appellate Court must assume that there was evidence sufficient to justify the trial court in directing the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.